UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WERONIKA JANCZUK,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

24-CV-3761 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Weronika Janczuk, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction and seeking injunctive relief. She sues the United States of America. By order dated July 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts that the events giving rise to her claims occurred between 1991 and the present, "in all places touched by death."[1] (ECF 1, at 2.) Plaintiff leaves blank the "facts" section of her complaint, but she seeks relief with respect to the processing of paperwork, including the following:

> For the USA to review the nature and construct of all its paperwork regarding wills, estates, trusts, and otherwise, most especially with an eye toward all paperwork that ever touches the human person in the USA in circumstances of death, end-of-life care, extended-age dependency for healthcare needs, and otherwise.
>
> For the USA to find a way to mainframe all of that paperwork into basic infrastructural boxes that would deal with the most essential basics, much like the paperwork-existent, codifying all the necessary intents and desires of the human person and their personalized relativity to the objects they own and bear with entirely-rigorous, ideally, -substantial, -intelligent, -profound, -complex, -reasonable contracts and scaffolds for the distribution of life, seeing also whether this project works reversely to change and alter economic patterns, linking here to lawsuits filed, asking about national mandates for databasing objects--including purchased--as a way of integrating notions of biological and other ecosystems.
>
> For the USA to electronize all that paperwork, including its forms for input.

(*Id*. at 2.)

## DISCUSSION

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government except where sovereign immunity has been waived. *United States v.*

---

[1] Plaintiff uses the court's general complaint form. However, the copy she provides includes the duplication of some of the information, words squished together, and the use of irregular capitalization. For readability, the Court uses standard spacing and capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

*Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   August 26, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge